# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALICE MASCARINI** | **CIVIL ACTION NO. 1:10-CV-1546** |
| Plaintiff | (Judge Conner) |
| v. | |
| **QUALITY EMPLOYMENT SERVICES & TRAINING (a.k.a. QUEST, INC.), PENELOPE SAMUELSON, JOSEPH KRISTOBAK, VERNA MORRIS, HOLLIE MANWILLER, JOSEPH HYLTON and MICHAEL WEIDMAN** | |
| Defendants | |

## **MEMORANDUM**

This is a civil action filed by plaintiff Alice Mascarini alleging numerous violations of federal and state law following the termination of her employment with defendant Quality Employment Services and Training (a.k.a. Quest, Inc.).[1] Presently before the court is a motion (Doc. 68) *in limine* filed by defendant Michael Weidman. For the reasons that follow, the court will grant the motion in part and deny it in part.

---

[1] Former plaintiffs Lourdes Costoso, Levi Rambler, Jenna Walters, and Morgan Witman have settled their claims against the defendants. (See Doc. 49, at 1).

## I. **Background**

This case arises out of numerous incidents that occurred between 2007 and 2009 during plaintiff Alice Mascarini's ("Mascarini") employment at Quest. Defendants are Quest, Inc. ("Quest"), a vocational rehabilitation facility that provides employment training at sheltered workshops (Doc. 46 ¶ 4; Doc. 47 ¶ 4); Penelope Samuelson, President or Vice President of the Board; Joseph Kristobak, President of the Board;[2] Verna Morris, Executive Director of Quest; Hollie Manwiller, Interim Executive Director or Chief Financial Officer of Quest; Joseph Hylton, Director of Vocational Services for Quest; and Michael Weidman ("Weidman"), Maintenance Supervisor for Quest. (Doc. 46 ¶ 5; Doc. 47 ¶ 5).

Plaintiff originally instituted this action in the Court of Common Pleas of Lebanon County. Weidman and the Quest defendants removed the matter to this court on July 26, 2010. (See Doc. 1). Plaintiff Mascarini filed an amended complaint (Doc. 8) on August 27, 2010, alleging nine causes of action: (1) violation of 42 U.S.C. § 1981;[3] (2) violation of Title VII, 42 U.S.C. § 2000e; (3) violation of the Age Discrimination and Employment Act;[4] (4) violation of the Pennsylvania Human Relations Act ("PHRA"); (5) defamation;[5] (6) assault; (7) intentional infliction of

---

[2] In plaintiff's pre-trial memorandum, she declares the withdrawal of all claims against Penelope Samuelson and Joseph Kristobak. (See Doc. 76, at 7).

[3] The parties have settled this claim.

[4] The parties have settled this claim.

[5] On November 21, 2012, the court granted summary judgment to defendants on this claim. (Doc. 63).

2

emotional distress; (8) failure to supervise; and (9) wrongful discharge. (Doc. 8). The only remaining claims against Weidman are for assault and intentional infliction of emotional distress. (See Doc. 76, at 6).

During discovery, Mascarini inquired into several areas regarding Weidman's past personal relationships with co-workers as well as his personal relationship with his former supervisor at Quest, Anne Vogt ("Ms. Vogt"). Weidman wishes to preclude Mascarini from offering evidence in the following areas: (1) evidence that Weidman had a personal relationship with co-worker Kay Zellers, aka Kay O'Donnell (deceased); (2) evidence of Weidman's relationship with co-worker Theresa Torres and his support of their child; (3) evidence of whether Weidman watches pornography; (4) evidence regarding the minor child of Ms. Vogt or the custody of this child; (5) the testimony of Phillip Vogt ("Mr. Vogt"), Ms. Vogt's ex-husband. (Doc. 68, at 2). Weidman argues that this evidence is irrelevant and overly prejudicial pursuant to Federal Rules of Evidence 401, 402, and 403.

Mascarini avers that the contested evidence, other than Weidman's pornography viewing habits, is relevant to prove the existence of Weidman's alleged sexual relationship with Ms. Vogt that resulted in favoritism towards Weidman and his retaliation against Mascarini when she reported this favoritism to Quest officials. (Doc. 70, at 2-3). Weidman denies any affair with Ms. Vogt during the course of Ms. Vogt's employment at Quest. (Doc. 70, at 3). Mascarini opposes the motion *in limine* to exclude evidence of Weidman's prior relationship with two former co-workers, except she agrees to limit trial evidence regarding Theresa

3

Torres to the fact that they had a child together. (Doc. 70, at 1). Mascarini agrees to refrain from questioning Weidman about his pornography viewing habits. (Id.) Mascarini agrees to restrict any evidence of Ms. Vogt's minor child to Mr. Vogt's use of a child locating program on the child's phone to locate Ms. Vogt at Mr. Weidman's home. (Id. at 2). Mascarini opposes the motion *in limine* to exclude the testimony of Mr. Vogt. (Id.). The court shall address each issue in turn.

## II. <u>Legal Standard</u>

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." FED. R. EVID. 401. Irrelevant evidence is inadmissible. FED. R. EVID. 402. The court may exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403. The exclusion of potentially relevant evidence pursuant to Rule 403 is an "extreme measure" at the pre-trial stage and should rarely be excluded. <u>Hines v. Consol. Rail Corp.</u>, 926 F.2d 262, 274 (3d Cir. 1991).

## III. <u>Discussion</u>

Evidence of Weidman's prior relationships with co-workers is irrelevant and overly prejudicial. Mascarini shall limit the presentation of evidence regarding Ms. Vogt's minor child to the fact that Mr. Vogt found Ms. Vogt at Weidman's home

4

using a child locating program on the child's phone. The court will allow the testimony of Mr. Vogt.

### A. Weidman's Prior Relationships with Co-Workers

The limited relevance of Weidman's two prior relationships with co-workers is substantially outweighed by the danger of unfair prejudice. Mascarini's sole justification for the introduction of this evidence is to help establish Weidman's affair with Ms. Vogt during the time in question by virtue of his habit of entering into personal relationships with co-workers. (Doc. 70-1, at 2-3). Weidman's personal relationship with Kay Zellers occurred in 1995-1996, approximately 12 years before events relevant to this suit occurred. (Doc. 69, at 3). Weidman's personal relationship with Theresa Torres began in 2000, approximately 7 years before events relevant to this suit occurred. (Doc. 70-3, Ex. B, at 44). Neither Kay Zellers nor Theresa Torres were Weidman's supervisor. The lack of temporal proximity of these relationships, as well as the danger that such evidence will prejudice the jury against Weidman, renders this evidence irrelevant and overly prejudicial. The court will grant Weidman's motion *in limine* on this ground. The court notes, however, that Mascarini is free to explore any other independent, relevant evidence of Weidman's affair with Ms. Vogt during their employment at Quest.

### B. Evidence of Affair with Ms. Vogt

Weidman seeks to exclude evidence regarding Ms. Vogt's minor child as well as the testimony of Mr. Vogt. Mascarini has agreed to limit evidence regarding Ms.

5

Vogt's minor child to the fact that Mr. Vogt found Ms. Vogt at Weidman's home, while Ms. Vogt was Weidman's supervisor at Quest, using a child locating program on the child's phone. (Doc. 70, at 2; Doc. 70-2, Ex. A, at 15-16). This evidence is probative of the existence of the affair between Weidman and Ms. Vogt, which is relevant to Mascarini's claims. Mr. Vogt's testimony is also probative of a sexual relationship between Weidman and Ms. Vogt during their employment at Quest, which Weidman denies. (See Doc. 70-2, Ex. A). Thus, the testimony of Mr. Vogt is relevant and admissible.

## IV. Conclusion

For the foregoing reasons, the court will grant the motion in part and deny it in part. An appropriate order follows.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:      February 14, 2013

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALICE MASCARINI,** | : | CIVIL ACTION NO. 1:10-CV-1546 |
| | : | |
| **Plaintiff** | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **QUALITY EMPLOYMENT SERVICES** | : | |
| **& TRAINING, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 14th day of February, 2013, upon consideration of defendant Michael Weidman's ("Weidman") motion (Doc. 68) *in limine*, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that the motion (Doc. 68) is GRANTED in part and DENIED in part:

1. Evidence of Weidman's prior relationship with Kay Zellers and Theresa Torres is irrelevant and inadmissible. Any probative value of this evidence is substantially outweighed by the danger of unfair prejudice and jury confusion. See FED. R. EVID. 403.

2. Evidence regarding the minor child of Anne Vogt shall be limited to the fact that Phillip Vogt found Anne Vogt at Weidman's home using a child locating program on the child's phone.

3. Phillip Vogt's testimony is relevant and admissible.

                                                               S/ Christopher C. Conner
                                                              CHRISTOPHER C. CONNER
                                                              United States District Judge